Nash, J.
 

 We think the Court below decided correctly. The instructions prayed were so framed, that the Court was at liberty to refuse both ; they were joined together and formed but one. No complaint is made, as to the charge actually given. It must therefore be considered as correct in law ; and the only enquiry is, whether the Court erred, in refusing the instructions as prayed for. It is the privilege of parties to call the attention of the Court, particularly, to such points as they deem important. But in framing the required instructions, they must be careful not to join together things that are proper with those that are not proper: if they do, there is no error in law in refusing the whole. The first part of the instructions required the Court could not give. Whether the execution was returned, by the constable Landis, satisfied or not, the case does not inform us ; but it does distinctly state, that the notes were received by the constable, from one of the defendants, as money in satisfaction of it. Tb,is he had power to do. And as far as the defendants in the
 
 *349
 
 execution were concerned, the plaintiff was bound by his acts, in this particular, if he ratified it. His claim upon the defendants on that judgment was extinguished.
 
 Wilson
 
 v.
 
 Coffield,
 
 5 Ire. 515. The plaintiff, however, was not bound to receive the notes taken by the constable in the place of the money, called for in the execution, unless he had authorized him so to do. And if the money was not paid, on demand, he could sue him for money had and received to his use, and his sureties would also be an., swerable for the amount. This course the plaintiff has pursued. He has chosen to consider the money upon the execution as in the hands of the constable. He warranted him and his sureties “for money collected,” recovered a judgment and has received his money. It is precisely the same as if Landis, without a suit, had paid him over the amount upon the execution. But, it is said, the money paid by Landis, was for damages for a breach of duty. This cannot be so. A single magistrate has no jurisdiction of the question of damages. The warrant, which is the plaintiff’s declaration, calls for one hundred dollars, "due by money collected” — collected from whom ? from .the defendants, and upon the execution; for there is no pretence that the plaintiff had any other claim against him. The plaintiff’s execution is paid and discharged, and he cannot maintain this action. Something was said in the argument here as to the illegality of the award. With that we have nothing to do. The money was paid by Landis, not on the award, but on a judgment of a Court of competent jurisdiction.
 

 His Honor committed no error in refusing the instructions required.
 

 Per Curiam.
 

 Judgment affirmed.